**Elizabeth DERRYBERRY, Plaintiff in Error,**
v.
**Lena DERRYBERRY and Raymond L. Dickerson, Defendants in Error.**
No. 38886.

Supreme Court of Oklahoma.
Jan. 10, 1961.

Robert J. Wimbish, Ada, for plaintiff in error.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for defendants in error.

HALLEY, Justice.

The plaintiff, Elizabeth Derryberry, was the wife of Barney or B. M. Derryberry. They resided near Ada, Oklahoma. They had four children. Bill Derryberry, a son, was in the Armed Forces and stationed in California at the time this action was filed. His wife was Lena Derryberry, one of the defendants. Raymond L. Dickerson was a son-in-law of plaintiff and also owner of the car driven by Lena Derryberry at the time of the accident involved. Lena Derryberry had a son born in July, 1955, while she was living with the plaintiff, Elizabeth Derryberry and her husband, Barney Derryberry.

It appears that after the birth of her child, the health of Lena Derryberry was poor and she continued to live with her husband's parents until her health improved. In November, 1955, Lena Derryberry expressed a desire to go to Bakersfield, California, where Mary Ruth Moss, a daughter of Elizabeth Derryberry and husband lived. This daughter was the mother of three grandchildren of the plaintiff and her husband.

The husband of Lena Derryberry was to be discharged in April, 1956, so she arranged with her brother-in-law, Raymond L. Dickerson, to borrow his car. Dickerson asked his father-in-law, Barney Derryberry, to go to California with Lena and bring the car back to Ada.

Barney Derryberry was an employee of Ideal Cement Company for many years and had already had his 1955 vacation and could not make the trip to California until after January, 1956. He so advised Lena Derryberry, who asked the plaintiff, Elizabeth Derryberry, to go with her and care for Lena's baby while Lena drove the car.

On January 21, 1956, the parties left Ada and drove to Altus, Oklahoma, where they spent the night. The next morning they left Altus, Lena driving the car. Elizabeth sat in the front seat holding the infant child of Lena in her lap, while Barney sat in the rear seat.

Seated in the same manner the party left Altus the morning of January 22, 1956, and the bad wet weather of the day before continued as they drove west on Highway 62. The road was wet as they drove onto a long bridge across Buck Creek. The highway slopes to the west and as the car struck the ice which caused the car to swerve into the north side of the bridge, throwing Barney Derryberry out of the rear seat onto the pavement near the west end of the bridge, Lena Derryberry lost control and it ran across the road and struck a tree 297 feet from the west end of the bridge. Elizabeth Derryberry sustained serious personal injuries, a broken back and a broken left hip and left foot.

Plaintiff alleged that the defendant was driving the car involved in a negligent manner in driving at a high and dangerous rate of speed, considering the condition of the highway and bridges thereon; that Lena Derryberry was negligent in failing to keep a lookout for ice on the bridges.

Defendant answered by general denial and also alleged that plaintiff occupied the car as a guest without payment for her transportation and was barred from recovery for her injuries by reason of the Texas Guest Statute.

Defendant also plead contributory negligence and unavoidable casualty. Defendant, Raymond L. Dickerson, filed a similar answer.

The Texas Guest Statute plead by each defendant is as follows:

"No person transported over the public highways of this state by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident unless such accident, shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." Vernon's Ann.Civ.St. art. 6701b.

The parties stipulated that the last two provisions of the above statute are not applicable which means that it is not claimed that the accident was intentional on the part of the driver or owner of the car involved, nor that the accident, the result of which caused the injuries to plaintiff, was caused by the heedlessness or reckless disregard for the rights of others.

This leaves for the determination of the court the question of whether the plaintiff was a "guest" or a "passenger" in defendant's car at the time of the accident.

While plaintiff has set out five specifications of error, she argues only two propositions. It is first contended that under the pleadings and the evidence, plaintiff was not a guest at the time of the accident and that the court erred in submitting that question to the jury.

It is argued in her second proposition, that the court erred in submitting the question of contributory negligence to the jury. We shall discuss these questions in the order named.

The New Mexico Guest Statute was before us in Gill v. Hayes, 188 Okl. 434, 108 P.2d 117, but did not involve the questions before us. A number of the appellate courts of other states have had the question up and we will discuss cases arising under similar statutes in force in other jurisdictions where the question of the "Guest Statute" is considered.

The plaintiff and her husband, Barney Derryberry, testified at length and the testimony of a physician was introduced. At the close of plaintiff's evidence defendants demurred thereto and their demurrers were overruled. Defendants moved for a directed verdict and declined to introduce any evidence. Their motions for a directed verdict were overruled and the court instructed the jury on the Texas Guest Statute and also on contributory negligence and other issues. The jury returned a verdict for defendants and plaintiff has appealed.

█ Was Elizabeth Derryberry a guest or a passenger when she was riding in a car owned by her son-in-law, Raymond L. Dickerson, who had loaned the car to his sister-in-law, Lena Derryberry, to enable her to go to California where another daughter and three grandchildren lived?

The husband of plaintiff agreed to make the trip and return the car to Ada to its owner and was riding in the back seat. He appears to have decided to pay the expenses of the trip, as he did their first night on the road. All of the parties involved were his relatives and belonged to his family. He and his wife had visited their daughter in Bakersfield, California, on several occasions, and three or four times during the last five years; they loved their daughter and grandchildren who lived in Bakersfield. In fact, Elizabeth Derryberry testified that not only her husband and the defendant wanted her to go on the trip to California, but that she did not want to remain alone at home while her husband took the trip and that she wanted to go herself as she wanted to see her daughter and grandchildren who lived in Bakersfield. Barney Derryberry made a written statement in which he stated that the trip was a vacation.

A careful study of the testimony and consideration of the facts and circumstances convinces us that the trip was that of a family group making the trip for the pleasure of all, as well as the defendant who wanted to see her husband as soon as possible after his discharge the following April. The plaintiff naturally helped in caring for her infant grandson during the trip, as any normal grandmother would have done. Her husband appears to have been able and willing to pay the expenses for the family group. The plaintiff was apparently not expected to bear any expenses of the trip, nor was she to be paid for helping to care for the infant grandson on the trip.

The plaintiff cites a number of decisions from other states which interpret Guest Statutes. She appears to rely upon Goldberg v. Cook, 206 Minn. 450, 289 N.W. 512, 513, where the Texas Guest Statute was interpreted by the Supreme Court of Minnesota. The facts in the Goldberg case are quite different from those in the case before us. The facts make it clear that the plaintiff in the Goldberg case who was injured in Texas on a trip from Duluth to California, was making the trip for the benefit of the defendant. The evidence makes it clear that she did not want to make the trip, had no relatives there and the Supreme Court of Minnesota concluded that "She (plaintiff) finally agreed to go for the sole purpose of assisting her daughter in the respects mentioned."

█ However, despite the clear evidence that the plaintiff agreed to make the trip purely to render service to her daughter in caring for her children, the court submitted to the jury the question of whether plaintiff was a guest or passenger under the Texas law. The jury found plaintiff was not a guest. The Supreme Court sustained the verdict for the plaintiff and stated:

"[That] the evidence sustains a finding that plaintiff was not transported as a guest."

█ In the case before us there was some conflicting evidence which justified the court in submitting to the jury the question of whether plaintiff was a guest or passenger when she was injured. The

Court of Civil Appeals of Texas in Burt v. Lochausen, 244 S.W.2d 915, 918, said:

"Ordinarily the question of whether or not one is a guest or passenger within the meaning of the statute is a question of fact, because there is usually a dispute as to what the relationship is and the benefits conferred * * *."

At page 917 the court said further:

"The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statute a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation. The rule is firmly established in the decisions of this state."

A recent California case, Shapiro v. Bookspan, 155 Cal.App.2d 353, 318 P.2d 123, is very similar to the case being considered. It was held that the payment of compensation which furnishes the test between status of guest and passenger is something more than a mere exchange of favors and this is especially true of favors exchanged between members of a family when neither of the persons involved would entertain a thought of compensation.

At page 123 of 318 P.2d of the Shapiro case it is said in part as follows:

"Even if the jury believed that Zeena had made a specific promise to drive her mother home it was not a necessary inference from that fact that the mother was a passenger. The evidence would have warranted the jury in concluding that Mrs. Shapiro was a guest in her daughter's automobile. There was no agreement for compensation passing between the mother and daughter. The mother was acting as a babysitter for the daughter's child as a matter of convenience and accommodation, just as the daughter occasionally drove the mother about in order that she might go shopping. A reasonable view of the situation would be that the mother's caring for the child was gratuitous in every respect, and motivated by the love and affection she had for her daughter and the pleasure she derived from the child's company. Such family amenities are rendered without expectation of compensation and a jury could have well concluded that neither mother nor daughter expected, nor would have been willing to receive, any compensation from the other. * * *."

We conclude that the verdict and judgment rendered thereon are sustained by the evidence, and that the court did not err in submitting to the jury the factual question of whether the plaintiff was a guest or a passenger when she was injured.

Plaintiff contends that the court erred in instructing the jury on contributory negligence. The defendants had plead contributory negligence but they introduced no evidence on this issue, having stood upon their demurrers at the close of plaintiff's evidence. We find no merit in this contention for the reason that it was the duty of the court to instruct upon contributory negligence if in the entire record there is evidence from which it may be assumed that plaintiff was guilty of contributory negligence. We believe that there was sufficient evidence produced by the plaintiff on contributory negligence to justify the court in instructing the jury on that issue.

The judgment for the defendant is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.