**Ruby DISNEY, Plaintiff in Error,**

v.

**Doris COOK, Defendant in Error.**

**No. 42085.**

Supreme Court of Oklahoma.

July 29, 1969.

Floyd L. Walker, Tulsa, for plaintiff in error.

Alfred B. Knight, Richard D. Wagner, Tulsa, for defendant in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court as in the trial court and will be referred to by their trial court designation or by name.

Ruby Disney (plaintiff below) brought this action against Doris Cook (defendant below) to collect damages for injuries she suffered in Dallas, Texas, in January, 1964, when she fell from an automobile in which she was riding and that defendant was driving. The pleadings raised the issue of negligence on the part of the defendant and the issues of contributory negligence on the part of plaintiff and whether plaintiff occupied the car as a guest without payment for her transportation and was thereby barred from recovering for her injuries by reason of the Texas Guest Statute.

In submitting the case to the jury, the trial judge included in his charge to the jury an instruction on the Texas Guest Statute and the effect thereof, and also submitted an interrogatory requiring the jury to determine whether the plaintiff was a "guest without payment" under the Texas statute. The jury answered the interrogatory in the affirmative and also rendered a general verdict finding the issues for the defendant and against the plaintiff.

The Texas Guest Statute is as follows:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest

without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." Vernon's Ann.Civ.St. art. 6701b.

There is no contention in this appeal that the accident was intentional on the part of defendant, nor that it was caused by her heedlessness or reckless disregard of plaintiff's rights.

For some time prior to the date of the accident, the parties were residents of Tulsa, Oklahoma. Defendant was the local representative of a Dallas, Texas, concern that supplied merchandise described as gift items. This merchandise was sold by local representatives by means of "showings" held in private residences, where the gift items were exhibited, and to which friends and acquaintances were invited. The earnings or profits made by defendant and others engaged in this activity was a percentage or commission on the sales. Defendant "recruited" plaintiff and gave her some instruction and training in conducting "showings," and plaintiff began selling on her own in the manner above described. Defendant testified she was called "manager" for the group of ladies selling under her supervision and that she and everyone connected with the Texas concern received a commission on the sales of persons that they had recruited.

The plaintiff and defendant and other representatives in Tulsa received an invitation to attend a "rally" in Dallas for an exhibition of merchandise, and a demonstration of sales techniques in which defendant was to participate by giving a sample "showing." The invitees were to arrange their own transportation, and originally the plaintiff and two other women were to go with defendant in her car and share the expenses of transportation, but in the end the other two persons decided not to go, and only the plaintiff went with defendant in defendant's car on the share-the-car-expense arrangement. Defendant testified she would have traveled by airplane if plaintiff had also decided not to attend the rally. Both parties took merchandise with them to exchange at the company's warehouse. Upon arriving in Dallas the parties stopped at a filling station, where plaintiff changed some of her clothing, and it was while defendant was turning out from the station that the right front door opened and plaintiff fell to the pavement. Plaintiff suffered bruises, a skinned elbow and knee, and claimed her coccyx bone was fractured. It appears that plaintiff, despite her injuries, attended all meetings and functions of the rally for the rest of the day and the next day, when they traveled back to Tulsa. The company paid the hotel expense and for two meals in Dallas. Plaintiff never did any of the driving.

Plaintiff and defendant testified they attended the rally for the purpose of seeing the exhibited merchandise and improving their sales ability. Plaintiff testified it was a combined business and pleasure trip, but that the prime reason she went was the business connection with the Texas company.

Plaintiff contends that the Texas Guest Statute does not apply to an action by an automobile passenger against a host driver where the sole reason for the trip is for joint business purposes; that the trial court should have determined as a matter of law, that the "guest" statute was not applicable; and that it was error to submit the interrogatory to the jury as to whether plaintiff was a "guest without payment" under the statute.

Defendant contends that under the circumstances and the Texas decisions interpreting the Guest Statute there was a question of fact as to the guest status of plaintiff, and that the issue was properly submitted to the jury.

The Texas courts have adopted several positive rules as a guide in determining the status of a rider as a guest or a passenger.

■ In discussing the application of the Texas Guest Statute the Texas courts have stated in Burt v. Lochausen, Tex.Civ.App., 244 S.W.2d 915, 917, 918, 151 Tex. 289, 249 S.W.2d 194, as follows:

"The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation. The rule is firmly established in the decisions of this State, Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190. (e.r.) * * *"

Also, in determining the effect of paying a share of the operating expenses of an automobile, it was held in Raub v. Rowe, Tex.Civ.App., 119 S.W.2d 190, 192, as follows:

"The question has arisen in other states under statutes similar to our own statute, and it is quite generally held that an agreement on the part of the plaintiff to pay plaintiff's share of the operating expenses of an automobile in which the plaintiff is riding does not make the plaintiff a passenger for hire or compensation."

See also Easter v. Wallace, Tex.Civ. App., 318 S.W.2d 916.

■ Plaintiff cites Johnson v. Smither, Tex.Civ.App., 116 S.W.2d 812, in support of the above proposition of error. In that case the plaintiff was injured while riding in the car of the defendant real estate broker, with whom she had listed her farm, while on the way to show the defendant the farm. The case was tried to a jury and it found, in response to a special issue submitted, that the plaintiff accompanied the defendant on a joint enterprise for the purpose of pointing out to defendant the way to the farm. The trial court rendered judgment on the verdict in favor of plaintiff. On appeal the case was affirmed on the theory that there was sufficient evidence for the jury to have found that the parties were on a trip for their mutual benefit and that in such a case the guest statute was not applicable. Defendant in the present case does not dispute the above statement of law, but does point out that the decision is based on a quote from a Connecticut case [Kruy v. Smith, 108 Conn. 628, 144 A. 304] which states in part, "Whether one is a 'guest' must often resolve itself into a question of fact, to be determined by the jury under appropriate instructions from the court."

Plaintiff also relies upon Schafer v. Stevens, Tex.Civ.App., 352 S.W.2d 471, which was a wrongful death action by the estate of Stevens against Schafer, where the dispute was whether the automobile collision, in which Stevens was killed while Schafer was driving, occurred during the time Schafer was promoting a business deal with Stevens. The jury answered affirmatively a special issue (interrogatory) inquiring whether the motivating influence of Schafer in transporting Stevens in the automobile at the time of the collision was the furtherance of a business deal in which Schafer had the expectation of tangible benefit of pecuniary nature. The jury also rendered a substantial verdict for the Stevens estate against Schafer. The appellate court affirmed the verdict and judgment. The court said there was some evidence of probative force in the record to support the submission of the issues, and therefore it was the duty of the trial court to submit the issues "even though the court may have felt that the evidence was insufficient to support an affirmative answer by the jury."

Plaintiff in the present case also directs our attention to the court's statement in the Schafer case that the tangible benefit to Schafer, necessary to take the case out of the Guest Statute, need not be the actual payment of money by Stevens to Schafer "nor need their business trip have resulted in a consummated deal. If Schafer's motive both in the business discussion and the subsequent entertainment of Stevens as a prospective customer was to obtain a contract from Tex-Mex Corporation, which contract would net Schafer a money profit,

we think the case is not governed by the guest statute."

The factual situations in the Johnson and Schafer cases are not the same as in the instant case and the decisions are not controlling in the present appeal on this ground. We also emphasize that in both of the cited cases the question of whether a guest status existed was presented to a jury for determination by submitting to it an interrogatory determinative of this issue. The jury's answer or verdict on this issue was later affirmed by the appellate court as a determination of a question of fact and as being sustained on legal ground.

In our case of Derryberry v. Derryberry, Okl., 358 P.2d 819, 822, involving application of the Texas Guest Statute, but having no similarity in facts, we commented on the disposition of courts to submit to the jury the factual question of whether a plaintiff was a guest or a passenger.

Also in Matchen v. McGahey, Okl., 455 P.2d 52, we referred to the statement in Burt v. Lochausen, 244 S.W.2d 915, 918, supra, that ordinarily the question of whether or not one is a guest or passenger within the meaning of the statute is a question of fact, because there is usually a dispute as to what the relationship is and the benefits conferred.

█ In the present appeal the relationship between plaintiff and defendant or the Texas concern was not that of employee and employer. Plaintiff was free to accept or refuse the invitation to the Dallas rally and was required to procure her own transportation. Plaintiff's individual interest in the rally was to improve her sales ability and exchange some merchandise. Defendant had the same individual interest plus the fact that defendant was to be an active participant in the rally program. The sharing of the operating expenses of the automobile, standing alone, did not make plaintiff a passenger for compensation, supra. The question was whether under the circumstances there was a "definite tangible benefit" to the defendant operator and,

if so, whether it was shown to have been the motivating influence for defendant furnishing the transportation. Under the above authorities these were matters for the jury's consideration in determining whether plaintiff was, or was not, a guest under the statute. In this connection we observe that the plaintiff did present to the trial court a requested instruction dealing with the Texas Guest Statute and the elements required to remove any bar to plaintiff's recovery. The court refused the instruction and gave its own expanded instruction on this issue.

It is our conclusion that the court did not err in submitting to the jury the factual question of whether the plaintiff was a guest, and consequently the court did not err in refusing to hold as a matter of law that the Texas Guest Statute did not apply.

Plaintiff complains that the court's instruction on the Texas Guest Statute contained fundamental error.

█ The court included in the instruction on the Texas Guest Statute a statement advising the jury that the sharing of the cost of gasoline and oil consumed on a trip, "when that trip is taken for pleasure or social purposes," does not transform into a "guest with payment" one who without such charge would be a "guest without payment."

Plaintiff asserts there was no evidence "of any kind that this was a social or pleasure trip." Plaintiff is in error. Defendant testified the trip to Dallas was a "combined business and pleasure" trip.

We believe the statement in the instruction was proper in order to inform the jury as to the law pertinent to all circumstances revealed by the evidence.

Plaintiff further contends that the court erred in giving instruction 9 on the ground that it informed the jury what acts or omissions constituted contributory negligence as a matter of law and deprived the jury of its constitutional right to determine this proposition as a question of fact. Okl. Const., Art. 23, Sec. 6.

Plaintiff cites Hugill v. Doty, 202 Okl. 391, 214 P.2d 257, where we held that an instruction was erroneous, for the reason urged by plaintiff, when it informed the jury that "If you find from the evidence that the plaintiff failed to keep a proper lookout for his own safety and by so doing could have avoided the accident, then that would be negligence on the part of the plaintiff."

Instruction 9 in its entirety is as follows:

"You are instructed that a person riding in a vehicle may, to a large extent, rely on the skill and experience of the driver, but any passenger or guest is required to use *ordinary care* for his own safety.

"You are further instructed that a passenger or guest in an automobile is obligated to use *ordinary care and caution* in preserving his own safety and to this end, as such passenger or guest, is obliged to keep a *reasonable* lookout for approaching or existing danger to himself and to warn the driver of an automobile in which he is riding with reference to approaching or existing dangers and if it appears to a passenger or guest, or by the exercise of *ordinary care* should appear that the driver of the automobile is operating the vehicle in a *negligent* manner, it is the duty of the passenger or guest to warn the driver and remonstrate with the driver in regard to said method of operation, and it would be *negligence* on the part of said passenger or guest to fail so to do. (Emphasis added.)

Plaintiff urges that the latter portion of instruction 9, beginning "if it appears to a passenger or guest, * * *" is identical in phrasing and legal content to the erroneous instruction in the Hugill case. We do not agree, and furthermore the instruction should be considered as a whole and in connection with the other instructions.

Instruction 3 instructs that "negligence," as used in the instruction means the failure to exercise that degree of care and diligence that an ordinarily prudent person should have exercised in his own affairs under like or similar circumstances.

Instruction 4 (paraphrased) instructs that reasonable or ordinary care, means that degree of care which might reasonably be expected from an ordinarily prudent person in the same or similar circumstances.

Instruction 7 in part instructs that contributory negligence is negligence on the part of the plaintiff amounting to the want of ordinary care on the part of the plaintiff, * * * and if such negligence on the part of plaintiff amounted to a want of ordinary care and diligence, such as would have been exercised by an ordinary person under similar circumstances, * * * then the verdict should be for the defendant.

Plaintiff makes no complaint here concerning instructions 3, 4 and 7. When instruction 9 is read in its entirety, and particularly in connection with the definitions in the other instructions, it is clear that there is left to the jury the task of determining whether the plaintiff exercised or failed to exercise the degree or care reasonably expected from an ordinarily prudent person in the same or similar circumstances. This is the distinguishing feature between the present instruction and the instruction in the Hugill case.

While it is well established by the decisions of this court that the trial court should not instruct the jury that if a certain state of facts is found to exist such facts constitute contributory negligence and the plaintiff cannot recover, it is nevertheless the duty of the trial court to instruct the jury, upon request being made, what duty the law imposes upon the plaintiff as well as the defendant and that a breach of that duty is negligence, for in no other manner can the jury be advised as to the relative duties of the parties. Hines, Director Gen. of R.R. v. Dean, 96 Okl. 107, 220 P. 860; Shabino v. Dolese Bros. Co., 174 Okl. 69, 49 P.2d 686, 691; Squyres v. Klick, Okl., 264 P.2d 325.

Plaintiff's proposition of error is not sustained by the authorities.

Affirmed.

All Justices concur.