**Dorothy R. MILLS, Plaintiff-Appellant,**

v.

**Helmut HOFLICH, Defendant-Appellee.**

**No. 71–1339.**

United States Court of Appeals, Tenth Circuit.

Aug. 4, 1972.

Ray G. Moss, and Peter B. Bradford, Oklahoma City, Okl., for plaintiff-appellant.

Kenneth N. McKinney, Oklahoma City, Okl., for defendant-appellee.

Before SETH and DOYLE, Circuit Judges, and MECHEM,* District Judge.

MECHEM, District Judge.

Plaintiff Dorothy R. Mills was injured in an automobile accident at Lubbock, Texas, while a passenger in a Volkswa-

* Of the District of New Mexico, sitting by designation.

gen driven by defendant Helmut Hoflich, a German National, who at the time of the accident was employed by the German Government on temporary assignment in the United States at Tinker Air Force Base, Oklahoma.

Plaintiff is and was at the time of the accident a citizen and resident of Oklahoma.

The accident occurred shortly after the parties had started on a weekend trip to El Paso, Texas, to visit some German speaking friends of the defendant residing in that area.

The automobile used for the trip was licensed and garaged in the State of Oklahoma and defendant possessed an Oklahoma drivers license and liability insurance issued to him as a resident of Oklahoma.

As a result of the accident plaintiff sustained injuries and brought suit in the United States District Court for the Western District of Oklahoma alleging damages in the amount of $99,723.37.

Defendant moved for summary judgment on the grounds that plaintiff's action is governed by the substantive law of Texas and thus, the action is barred by the Texas "guest statute".[1]

The District Court granted the defendant's motion, Mills v. Hoflich, D. C., 326 F.Supp. 95 (1971) and plaintiff brought this appeal.

Plaintiff does not allege that the accident was intentional or was caused by heedlessness or reckless disregard for her rights but contends first, that the District Court should have applied the substantive law of Oklahoma rather than that of Texas and second, that if the District Court's determination is correct that Texas substantive law applies, then summary judgment should not have been granted as there was a question of fact for the jury to determine, i. e., whether

the contribution plaintiff provided defendant during the trip was enough to remove her from the operation of the Texas guest statute.

We will deal first with the contention that Oklahoma substantive law, which allows recovery of a guest passenger for simple negligence on the part of the operator of a motor vehicle, should have been applied by the District Court.

Plaintiff has set forth the classic case for the application of the significant contacts rule as set out in the Restatement (Second) on Conflicts of Law, Section 145. Apparently the only contacts the parties had in Texas were the occurrence of the accident and the short hospital stay of plaintiff before being flown to Oklahoma for further treatment. The logic, argument and authorities submitted by plaintiff as to why Oklahoma substantive law should be applied are persuasive. Unfortunately, they are not tenable.

■■ It is not the prerogative of a Federal District Court to change the law of the state in which it sits, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In a diversity case, the federal court must follow the Conflicts principles of the forum state. Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 and Smith v. Greyhound Lines, Inc., 382 F.2d 190 (10th Cir.)

■ It was the determination of the trial court that it was bound by the decision in Cherokee Laboratories, Inc. v. Rogers, 398 P.2d 520 (Okl.1965). We find nothing to indicate otherwise. The Oklahoma conflicts rule in tort cases requires the application of the law of the place of the accident.

■ It is not the function of a federal court to inquire into the wisdom of the particular law of a state. The Dis-

---

1. Vernon's Ann.Civ.St.Tex. art. 6701b. "No person transported over the public highways of this state by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for in-juries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

trict Court carefully evaluated the state decision law of Oklahoma and determined that the Oklahoma Courts would follow the substantive law of the State of Texas under the facts which were presented. This Court has said before that it will "lean on the judgment of the trial judge as knowledgeable and persuasive in the determination of the law and affairs of his resident state." Vaughn v. Chrysler Corp., 10th Cir., 442 F.2d 619, 621 (1971).

Plaintiff's reliance on the enactment of Oklahoma's Uniform Commercial Code, 12A Okl.St.Ann. Sect. 1–105(1) and the recent decision of Judge Eubanks in Williams v. Texas Kenworth Company, D.C., 307 F.Supp. 748 (Okl. 1969) offer her no help since the Uniform Commercial Code is limited to commercial law and the *Williams* case is distinguishable in that it dealt with a suit on a breach of warranty.

The recent Oklahoma decision of Creswell v. Temple Milling Company, 499 P.2d 421 decided April 11, 1972, is likewise of no help as the use of the substantial contacts approach in that case was for the purpose of establishing jurisdiction over a party.

■ Concluding that the District Court was correct in its determination that Texas substantive law applies, it is necessary to determine whether that court properly granted summary judgment. This determination hinges on the question of whether the contribution plaintiff furnished defendant for the trip provides a fact question of whether such contribution was a "definite tangible benefit" as defined by Texas case law.

■ Both the plaintiff's affidavit[2] and deposition[3] support the conclusion that the purpose of the trip to El Paso was for the mutual enjoyment of herself and the defendant. Her only contribution toward the expense of the trip was sandwiches and snacks. There were no facts in dispute. The District Court examined the case law of Texas and determined as a matter of law that plaintiff was a guest in defendant's car.

The cases of Burt v. Lochausen, 244 S.W.2d 915 (Tex.Civ.App.1951), Berentsen v. Bellinghausen, 403 S.W.2d 816 (Tex.Civ.App.1966), Dietrich v. F. R. Young Company, 400 S.W.2d 572 (Tex. Civ.App.1966) and Fuller v. Wainwright, 415 S.W.2d 234 (Tex.Civ.App. 1967) all support the District Court's conclusion that as a matter of law, the benefit which plaintiff furnished defendant on the trip was not the "definite tangible benefit" necessary to remove her from the operation of the guest statute.

The trial court properly granted summary judgment.

Affirmed.

---

2. "The trip to El Paso . . . was indeed planned to be enjoyable to both Mr. Hoflich and me but there were several other reasons for the trip. First, Mr. Hoflich was eager to visit El Paso because he had anticipated leaving there for his return trip to Germany. It was helpful to Mr. Hoflich to have me along to explain English language questions and American customs, and I don't believe Mr. Hoflich would have gone on the trip without my being along. In addition, we both would have been able to speak English and German on the trip and with some German friends of his in El Paso. I furnished food and snacks . . . .".

3. Plaintiff's deposition, page 63.
"Q. Was there any other reason for your being along, other than just for the ride?

A. It was just a pleasure trip, before he returned.
Q. And it was understood, as such, by you as well as by him when you left, that it was a pleasure trip?
A. We were just going there to see the friends and come back.
Q. Yes, Ma'am.
So, do I understand that it had nothing to do with your occupation as a teacher in any way?
A. No. I would say it had nothing to do with my occupation as a teacher.
Q. Or was Mr. Hoflich planning to do any work, or did it have any business function, as far as he was concerned, to your knowledge?
A. No."