Application of Paul H. UMBACH to Enforce
Subpoena Duces Tecum Against
A. L. Solliday.

No. 38539.

Supreme Court of Oklahoma.

March 1, 1960.

White & Steele, Denver, Colo., Joe Francis, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendant in error.

BLACKBIRD, Justice.

This appeal concerns certain court proceedings instituted in the District Court of Tulsa County, as an aid to the discovery of certain facts or information for ostensible use in an action pending in the District Court in and for the City and County of Denver, and State of Colorado. That action in which Paul H. Umbach, the plaintiff in error here, is being sued by Stanolind Oil and Gas Company, is described in Solliday v. District Court, 135 Colo. 489, 313 P.2d 1000.

Solliday, the defendant in error here, is not a party to the Denver action, but Umbach wants to inspect, or perhaps use, copies of Solliday's Federal Income Tax Returns as a possible aid to his defense in that case. Accordingly, he caused a Tulsa, Oklahoma, court reporter to issue a sub-

peona, or a subpeona duces tecum, for the taking of Solliday's deposition at the latter's Tulsa residence on a certain date; and the subpoena directed Solliday to bring with him copies of his federal income tax returns for certain years, when he appeared to give the deposition. Solliday obeyed the subpeona to appear for the deposition with the specified tax return copies, but refused to allow Umbach, or his attorney, to inspect them.

After an order issued by the above mentioned Colorado trial court, was nullified on jurisdictional grounds in Solliday v. District Court, supra, and Solliday v. Umbach, 135 Colo. 500, 313 P.2d 1005, Umbach, hereinafter referred to as applicant, applied to the District Court within and for Tulsa County, Oklahoma, for an order requiring Solliday, an executive of Stanolind Oil and Gas Company (now known as Pan American Petroleum Corporation) hereinafter referred to merely as "Stanolind", to produce the tax return copies for inspection by said applicant's attorneys. Said Oklahoma Court sustained a motion, filed by Solliday, to dismiss said proceedings, and after it had overruled Umbach's motion for a new trial, said applicant perfected the present appeal. His adversary herein, Solliday, will hereinafter be referred to as "respondent".

In support of the District Court's order and/or judgment of dismissal, respondent contends that his income tax returns are privileged, and, for that reason he cannot be compelled to allow the applicant to inspect them for discovery of information, or evidence, he might be able to use in defending himself against Stanolind's above mentioned Colorado action. The applicant, on the other hand, contends, in substance, that it is probable that inspection of respondent's copies of the specified tax returns might disclose, or lead to the discovery of, facts that would be relevant to his defense in the Colorado action, and, for this reason, the privilege contended for by the respondent does not apply, or exist, here.

In the opening statement under his "Proposition 2", the applicant says federal tax returns are "either privileged or non-privileged by virtue of federal statute", but in his next sentence he speaks of this statute as granting such returns a "limited privilege." He says that this privilege is derived from Title 26, section 6103, of the U.S.Code; and that our decision in this case must be governed by federal court decisions relevant thereto. He represents that there are two conflicting lines of such decisions, and cites Connecticut Importing Co. v. Continental Distilling Co., D.C., 1 F.R.D. 190, as the "most quoted", or leading, case on the majority view.

The respondent, on the other hand, urges that the cases cited in support of the applicant's position that federal income tax returns are not protected by the subject privilege when they may contain evidence material or relevant to issues in pending litigation, are inapplicable here, and apply only when the person, whose federal tax returns are sought, is a party to said litigation.

After examining the decisions cited, we have concluded that respondent's contention is correct. Assuming that, in this case, we are to be controlled by federal court decisions, despite what some of the state courts have said in relation to the subject (see Peterson v. Peterson, 70 S.D. 385, 17 N.W.2d 920, and consider Webb v. Standard Oil Company Of California, 49 Cal.2d 509, 319 P.2d 621, in connection with some of the expressions concerning state income tax returns in Oklahoma Tax Commission v. Clendinning, 193 Okl. 271, 143 P.2d 143, 151 A.L.R. 1035), no federal court decision has come to our attention in which the person or entity, whose income tax returns were involved, was merely a witness for pending litigation rather than a party to it. We think the so-called "conflict" referred to in the cited federal court decisions is more apparent than real; and that any believed conflict in them is the result of loose, generalized and collective reference to them, rather than to accurate and discerning analysis. Superficially, the opinions in those cases do uphold discovery procedures, as opposed to the privilege against

public disclosure provided under federal income tax statutes; but they show that this is not an *absolute* privilege and may be waived by the taxpayer himself. We think the true basis of the rule of disclosure is, in the first instance, waiver, and *then* relevancy, or materiality, rather than relevancy and materiality alone. Accordingly, the first query is directed to the question of whether or not the taxpayer has waived the privilege, and, if this is answered in the affirmative, then the next question concerns the relevancy of the data in the returns to the issues in the pending litigation. Thus in Kingsley v. Delaware, Lackawanna & Western R. Co., D.C.S.D.N.Y., 20 F.R.D. 156, 158, wherein, as an element of his damages, plaintiff sought recovery against defendant of his past and future loss of earnings, the court said:

"The better reasoned view seems to be that where a litigant himself tenders an issue as to the amount of his income, there is no privilege against the disclosure of his tax returns and he can be directed to obtain them from the Government if he does not himself have copies."

In speaking of Section 6103, supra, the court said:

"The purpose of the statute is to prevent the disclosure of confidential information to those who do not have a legitimate interest in it. *But once a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim* that the information contained in his returns is confidential." (Emphasis ours).

See also Tollefsen v. Phillips, D.C., 16 F.R.D. 348, 349, and other cases cited in the Kingsley case, supra, and Mullins v. Baker, W.Va., 107 S.E.2d 57, 64. The above quotations are, of course, entirely compatible with the statement concerning 26 U.S.C.A.Int.Rev.Code, § 55, in the Connecticut Importing Co. case, supra (relied upon by applicant), as follows:

"Nothing in this statute nor the regulations issued thereunder precludes a court of competent jurisdiction from requiring a disclosure of a tax return by the taxpayer in connection with civil litigation *to which the taxpayer is a party.*" [1 F.R.D. 192.] (Emphasis ours.)

As respondent is not a party to the Colorado litigation, in preparation for the trial of which applicant seeks to inspect his returns, he, of course, has neither tendered, nor joined, any issue therein to which any information, that might be found in those returns, would be material or relevant. Nor does it appear that he has, in any manner, waived the privilege in connection with said returns. This being true, and the applicant having failed to demonstrate that, under the decisions he relies on, the lower court's order and/or judgment was error, said judgment is hereby affirmed.