Maurine MATCHEN, Plaintiff in Error,

v.

Violette McGAHEY, Defendant in Error.

No. 41755.

Supreme Court of Oklahoma.

March 11, 1969.

Rehearing Denied June 10, 1969.

Fischl, Culp & McMillin, Ardmore, for plaintiff in error.

Ed Dudley, Madill, for defendant in error.

McINERNEY, Justice.

This appeal involves a judgment awarding damages for personal injuries sustained by Violette McGahey (plaintiff) in an automobile accident occurring in Cook County, Texas. The automobile was owned and driven by Maureen Matchen (defendant). Plaintiff, defendant and two other ladies, all residents of Oklahoma, were proceeding to their employment at a pants factory in Texas. Defendant and the other two ladies furnished automobiles on a car pool arrangement. Plaintiff paid fifty cents a day to the particular member of the car pool transporting her.

Highway 99, their route of travel, was wet from rain. Near the Gordonville intersection, the automobile hit a road sign.

Plaintiff was rendered unconscious, but later went to work where she fainted on the job and was transported to a hospital for treatment.

Plaintiff sought damages for pain and suffering, past and future medical expense, and permanent and partial disability, including as disability a restriction of "her ability to perform gainful employment."

Defendant predicates her appeal on (1) failure to declare a mistrial based on prejudicial remarks of plaintiff during the closing argument, (2) failure to require plaintiff to furnish defendant copies of her Federal Income Tax returns, (3) error in submitting to the jury certain medical expenses, (4) permitting an opinion by a non-expert, (5) error in giving the instruction on the Texas Guest Statute, and (6) in refusing defendant's requested instruction concerning the duty of a passenger to object to negligent operation of vehicle by the driver. Since a new trial is required, we will dispose of all the contentions presented.

█ The basis for the complaint directed to the closing argument is the following statement of plaintiff to the jury:

"First of all, ladies and gentlemen, this is not a criminal case. You are not concerned with the guilt or innocence of any party to this case. *And another thing, don't worry about our collecting a judgment or verdict against Mrs. Machen. That's just something you don't have to worry about.*"

Plainiff asserts this argument was provoked by, and is responsive to, the previous statement of defendant asking the jury to return a "verdict of not guilty, a verdict of not guilty of negligence for my client." Defendant moved for a mistrial and the court, after commenting that the motion was timely, overruled the motion and submitted the case to the jury.

Plaintiff misplaces her reliance on the use of the word "negligence" in defendant's closing argument to justify the suggestion that defendant would not be personally responsible in the collection of a judg-

ment. The pleadings and the instructions are replete with the word "negligence". Negligence is the basis of liability. Defendant's argument is responsive to both the pleadings and the instructions. The challenged remark of plaintiff is not responsive to any issue, pleading or argument. Liability in this case was vigorously contested, and the issues to be determined by the jury were close and disputed. The argument by plaintiff that a judgment would be collected from other than the defendant effectively suggested the existence of liability insurance. Indeed, it is difficult to conclude that there is any other purpose intended for the remark.

In J. C. Penney Company v. Barrientez, Okl., 411 P.2d 841, the court held:

"Generally, any suggestion by plaintiff, plaintiff's counsel or any of plaintiff's witnesses that the defendant is covered by liability insurance, whether accomplished inadvertently or intentionally, is improper and prejudicial to defendant."

█ Under the circumstances of this case, the rule announced in Penney, supra, is applicable here. See also M & P Stores v. Taylor, Okl., 326 P.2d 804; Redman v. McDaniel, Okl., 333 P.2d 500; Pratt v. Womack, Okl., 359 P.2d 223; and Smith v. Hanewinckel, Okl., 405 P.2d 99. The overruling of the motion for a mistrial was error.

Defendant next contends that the trial court erred in refusing to require plaintiff to furnish defendant with copies of her Federal Income Tax returns. The plaintiff alleged that her injuries permanently and partially disabled her and restricted "her ability to perform gainful employment." Her ability to perform gainful employment and to receive income through such employment thus became an issue in litigation.

In other state and federal courts two definite divergent lines in civil litigation have developed. The majority view is expressed in Conner v. Gilmore, 45 Del. 184, 70 A.2d 262; Currier v. Allied New Hampshire Gas Co., 101 N.H. 205, 137 A.2d 405,

70 A.L.R.2d 237; Leonard v. Wargon, 55 N.Y.S.2d 626; Davis v. Atlantic Coast Line R. Co., 227 N.C. 561, 42 S.E.2d 905; Mullins v. Baker, 144 W.Va. 92, 107 S.E.2d 57; June v. George C. Peterson Co., 7 Cir., 155 F.2d 963, 967; Connecticut Importing Co. v. Continental Distilling Company, D.C., 1 F.R.D. 190; The Sultana, D.C.N.Y., 77 F.Supp. 287; Karlsson v. Wolfson, D.C. Minn., 18 F.R.D. 474. The minority view is found in Peterson v. Peterson, 70 S.D. 385, 17 N.W.2d 920; Webb v. Standard Oil of California, 49 Cal.2d 509, 319 P.2d 621. Each of these opposing views in turn are subject to certain definite requirements before becoming applicable. The different discovery statutes or lack of discovery statutes are germane to the decisions reached. 70 A.L.R.2d 240.

Oklahoma has not directly passed on the subject. The asserted right, if it exists, is found in 12 O.S.Supp. 1965 § 548. This statute, § 548, relating to discovery and production of documents, basically follows Rule 34 of Title 28, United States Federal Court Rules of Civil Procedure, discovery, and production of documents and things for inspection, copying, or photographing. The scope of Rule 34 is within the limits of Rule 26(b) which applies to any matter not privileged which is relevant to the subject matter involved in the pending action, whether it relates to the claim, or the defense of the examining party, or the claim or defense of any other party.

We considered the discovery procedure relating to the production of income tax returns, prior to the adoption of 12 O.S. Supp.1965 § 548, in Application of Umbach, Okl., 350 P.2d 299. Here the court reasoned that the privilege against public disclosure is a limited privilege and not an absolute privilege. It may be· waived by the taxpayer himself. The first question to determine is whether or not the taxpayer has waived the privilege. If this question is answered in the affirmative, then the question of the relevancy of the returns to the issue in the pending litigation is to be determined. Since the witness whose income tax returns were sought to be examined in Umbach, supra, was not a litigant in the pending action, we held that no waiver existed in connection with the returns.

 After reviewing the decisions of other jurisdictions, we believe the better reasoned view is stated in Kingsley v. Delaware, Lackawanna & Western R. Co., D.C. S.D.N.Y., 20 F.R.D. 156. Plaintiff sought recovery in a negligence action and included past and future loss of earnings as an element of his damages. The court said:

"The purpose of the statute (privilege) is to prevent the disclosure of confidential information to those who do not have a legitimate interest in it. But once a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his return is confidential." (Parenthesis supplied)

 Plaintiff tendered the issue as to the amount of her income, or loss of income, by alleging a restriction on her gainful employment due to the injuries caused by defendant's negligence. Her income thus becomes a legitimate subject of inquiry under the Oklahoma discovery procedure, 12 O.S.Supp. 1965 § 548, subject to the conditions contained therein.

 We adopt the majority view, and hold that this evidentiary rule should be construed in concert with the prevalent discovery statutes. The court may allow the production of income tax records and their inspection in proper cases. The court should impose such restrictions on the production as it deems proper, including a limitation on the examination of the return to that portion of the tax return concerning income from employment where, as here, that is the only issue presented by the pleadings. The waiver of the limited privilege by the taxpayer putting his income into issue and the relevancy of the information desired is germane to the court exercising this discretion. Notice and good cause are required by the discovery statute before the party to the litigation desiring

the information is entitled to inspect or copy the returns. Discovery procedure must be timely and properly invoked to obtain copies of an adversary's income tax records. Parris v. McCallay, Okl., 424 P.2d 62.

The trial court should examine the motion directed to producing the income tax returns in light of the views expressed in this opinion.

■ The asserted errors in submitting improper medical expense to the jury and in permitting an opinion by a non-expert will be considered together.

Plaintiff alleged in her petition that she had incurred doctor and hospital bills of $700.00 and would incur future medical expenses of $500.00. The court submitted to the jury the total medical expense of $1,200.00.

Approximately $358.73 was incurred by plaintiff as hospital and doctor bills immediately after the accident. The balance of the medical expense incurred related to removal of a kernel under her left arm several months later. Plaintiff testified, over objection, that the abscessed kernel was caused by muscle strain resulting, inferentially, from the accident. There is no evidence from skilled or professional persons that the second hospitalization was caused by, or resulted from, the automobile accident. The physicians attending plaintiff did not testify. There is no evidence in the record from any witness that plaintiff will incur future medical expenses as a result of the accident.

■ Where injuries are of a character requiring skilled and professional men to determine cause and extent thereof, the scientific question presented must necessarily be determined by testimony of skilled and professional persons. Inter-Ocean Oil Co. v. Marshall, 166 Okl. 118, 26 P.2d 399. Competent evidence of a causal connection between the accident and the second hospitalization is completely absent in the record. The plaintiff is not qualified to diagnose diseases or to form opinions as to the necessity of the treatment

for physical disorders. Ruland v. Zenith Construction Co., Okl., 283 P.2d 540. The cause of plaintiff's abscessed kernel, and second hospitalization for its removal, must necessarily be determined by skilled, professional persons. Spivey v. Atteberry, 205 Okl. 493, 238 P.2d 814. This rule is in accord with the collection of Oklahoma cases included in the annotation on admissibility of opinion evidence as to cause of disease or injury in 66 A.L.R.2d, § 4, page 1090.

The evidence does not support the submission of the total medical expense sought as damages in the petition. The overruling of the special demurrer challenging these alleged damages was error.

■ The defendant asserts that the court erred in refusing to fully instruct on the Texas Guest Statute. The instructions given correctly state the law applicable. The disputed status of plaintiff, as guest or passenger, was submitted to the jury in accord with our holding in Derryberry v. Derryberry, Okl., 358 P.2d 819. In Derryberry, supra, we quoted the Court of Civil Appeals of Texas in Burt v. Lochausen, 244 S.W.2d 915:

"Ordinarily the question of whether or not one is a guest or passenger within the meaning of the statute is a question of fact, because there is usually a dispute as to what the relationship is and the benefits conferred * * *." (Page 918)

"The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation. The rule is firmly established in the decisions of this State." (Page 917)

This general statement of Texas law is substantially included in the instructions of the court. Under the circumstances of this case, the status of plaintiff is a question of fact rather than law. Wills v.

Buchanan, Tex., 358 S.W.2d 727. We find no error in the giving of the instructions covering the Texas Guest Statute.

 Defendant requested, and was denied, an instruction defining the duty of a guest or passenger to exercise ordinary care and, in particular, to warn or remonstrate that the defendant was operating the automobile in a negligent manner. The giving or declining of this instruction must rest on the facts of each case. "It is impossible for courts to lay down fixed rules by which to determine just when and under what circumstances an automobile should be driven from the rear seat." Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732, 735. We held in Wilson v. Oklahoma Ry. Co., 207 Okl. 204, 248 P.2d 1014, involving a collision between a bus and a motorcycle, in Syllabus 1:

> "A passenger on a moving vehicle must use ordinary care for his own safety, and when by reason of the character of the vehicle and all circumstances involved the exercise of such care requires that the passenger remonstrate with the driver against the manner of the vehicle's operation, or warn the driver of approaching danger, he must do so or be open to the charge of contributory negligence."

 The evidence in this case indicates that the pavement was wet from rain, the automobile may have skidded once prior to striking the signpost, and the speed may have been a factor in the accident. The rule in Wilson, supra, appears applicable here by analogy, and the giving of the requested instruction is appropriate under these facts. 8 Am.Jur.2d, Automobiles, § 532, page 89.

Reversed and remanded with directions to grant a new trial.

IRWIN, C. J., and JACKSON, HODGES and LAVENDER, JJ., concur.

DAVISON, J., concurs in result.

WILLIAMS and BLACKBIRD, JJ., dissent.