**JONES PACKING COMPANY, a corporation, Petitioner,**

v.

**John C. CALDWELL, Judge of the District Court of the Twentieth Judicial District, State of Oklahoma, Respondent.**

No. 46462.

Supreme Court of Oklahoma.

May 22, 1973.

Payne & Peveto, by Gary E. Payne, Atoka, Wallace, Bickford & Pasley, by Harry L. Bickford, Ardmore, for petitioner.

John B. Axton, Coalgate, Minter & Bolt, Madill, for respondent.

DOOLIN, Justice.

In the trial court this action was brought against Petitioner to recover on a note executed by Petitioner to the Plaintiff therein. Petitioner's amended answer admitted execution of the note, but denied consideration for same and alleged fraud on the part of the Plaintiff in connection therewith, resulting in loss of business and credit reputation to Petitioner. Subsequently, the Plaintiff moved for production of documents under 12 O.S. 1971 § 548. The trial court heard the motion on March 23, 1973, and ordered production of all Federal and State tax returns of Petitioner from January 1, 1965 to and including 1972 and "All corporate books, corporate records and minutes of the directors, officers and stockholders of Jones Packing Company, Inc."

12 O.S. 1971 § 548 provides for discovery and production of documents upon motion of any party in a pending action. In the case of Carman v. Fishel, Okl., 418 P.2d 963, this court held that the movant is not entitled to the discovery provided in that statute as a matter of right, simply upon filing of a motion, but must show good cause under the circumstances before the trial court, in its discretion, might order such discovery. Petitioner is before this court asking that it assume original jurisdiction and prohibit the trial court from enforcing its order of discovery. This is the appropriate remedy under Carman v. Fishel, supra, and this court will grant a writ of prohibition where the trial court has clearly exceeded its authority.

Upon hearing on the Plaintiff's discovery motion, by way of showing cause for the discovery requested, the Plaintiff contended that it needed disclosure of the corporate records in order to effectively counter Petitioner's denial of consideration and allegation of fraud. Under the Carman case, what constitutes good cause depends on the circumstances in each case. Also under Carman, the subject matter of the discovery order must be "relevant" to the issues of the case. We specifically find no depositions, affidavits, interrogatories or other evidence produced with the motion that tend to show good cause for discovery of nor relevancy of the extremely broad corporate information the Respondent has ordered discovery of. If the Plaintiff had more specifically shown that it needed disclosure of some specific aspect of the Petitioner's corporate records to prove or disprove some specific issue relevant to the case, or lead to some evidence which might tend to do so, discovery of that particular aspect might have been appropriate under the holding of Carman v. Fishel, supra. The record discloses no such showing, and we therefore hold that the Respondent abused its discretion in ordering disclosure of all corporate records, minutes and books of Jones Packing Company, Inc.

Regarding that part of the order of the trial court requiring disclosure of Federal and State tax returns, this court held in the case of Matchen v. McGahey, Okl., 455 P.2d 52, that the trial court may allow the production of income tax records and their inspection in proper cases where the income of a party is an issue in the case, but held that the trial court should impose restrictions on the production, including limitation on the examination of the return to that portion of the tax return concerning income that is put in issue by the pleadings. In the instant case, Petitioner has alleged loss of earnings resulting from alleged acts of the Plaintiff during a period apparently far more limited chronologically than the tax return disclosure period ordered by the Respondent. In this respect also, the Respondent has clearly exceeded its authority.

Writ granted.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.