Robert W. JONES, Sr., Appellee,

v.

James E. TUBBS, James C. Dean, Coleen K. Tubbs, James P. Devine, Diane D. Bowers, and J.E.T. Claim Filing Services, Inc., an Oklahoma Corporation, Appellants.

No. 72588.

Supreme Court of Oklahoma.

Sept. 28, 1993.

---

**14.** *Benton v. Ortenberger,* see note 11, supra.  **15.** *Hadnot v. Shaw,* see note 12, supra.

Gary M. Strickland, Batchelor & Johnson, Oklahoma City, for appellee.

Herman D. Brandon, Oklahoma City, for appellants.

SIMMS, Justice.

Appellants, James E. Tubbs, James C. Dean, Coleen K. Tubbs, James P. Devine, Diane D. Bowers, and J.E.T. Claim Filing Services, Inc., (defendants) seek review of the trial court's denial of their motion to vacate a default judgment entered against them. The default judgment was entered in an action for fraud in the inducement of the making of a promissory note instituted by Robert W. Jones, Sr., appellee. The Court of Appeals affirmed the default judgment, and certiorari was granted to consider whether an appealable decision was made by the trial court. Because we find the order denying defendants' motion to vacate default judgment was not a final appealable order, we vacate the opinion of the Court of Appeals and dismiss this appeal.

Jones alleged in his petition that defendants fraudulently induced him to execute a promissory note and prayed for actual damages, punitive damages, attorney fees and costs. An attorney entered his appearance on behalf of defendants, but no timely answer was made to Jones' petition. Jones filed a motion for default judgment, and the trial court granted default judgment to Jones for his actual damages, reserving the issue of punitive damages, attorney fees and costs to be heard at a later date.

Defendants moved the trial court to vacate the default judgment. This motion was overruled, and Appeal No. 70,705 was instituted by defendants. Defendants then voluntarily dismissed Appeal No. 70,705 and filed a second motion to vacate. The trial court overruled the second motion, and defendants proceeded with the present appeal.

Title 12 O.S.1981, § 952 enumerates the types of orders over which this Court has appellate jurisdiction, as follows:

"1. A final order;

2. An order that ... vacates or refuses to vacate a *final* judgment;

3. Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; ..." 12 O.S.1981, § 952(b) (Emphasis added).

This appeal was not certified by the trial court so subsection (3) does not apply. Therefore, this Court does not have jurisdiction over this cause unless the trial court's ruling was a final order under subsection (1) or an order refusing to vacate a *final* judgment under subsection (2). A final order is defined as one "affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, ..." 12 O.S.1981, § 953. *See also Woods Petroleum Corp. v. Sledge*, 632 P.2d 393 (Okla.1981). The question then is whether the order at issue was a final judgment which determined the action.

Jones alleged that he was entitled to actual damages and punitive damages. Yet, both claims were grounded upon one wrongful act, the fraudulent inducement. In *Retherford v. Halliburton Co.*, 572 P.2d 966 (Okla.1977), we held that a single wrongful act endows a plaintiff with but a single action for the recovery of all of the different types of damages suffered. This is what Jones did in asking for actual and punitive damages for the single wrongful act of fraudulent inducement. However, when the trial court granted judgment on the actual damages only, it left the claims for punitive damages, attorney fees and

costs unadjudicated.[1] Consequently, the order granting default judgment did not determine the action and is not a *final appealable order.*

For the same reason, the order denying defendants' motion to vacate is not an order refusing to vacate a *final judgment.*[2] There being no final order or judgment from which to appeal, the opinion of the Court of Appeals is VACATED and the appeal in this matter is DISMISSED.

HODGES, C.J., LAVENDER, V.C.J., and ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

OPALA, J., concurs in result.

1. The Court of Appeals relied heavily upon *Mann v. State Farm Mutual Insurance Co.,* 669 P.2d 768 (Okla.1983), in making its decision. This reliance is misplaced. In *Mann,* the plaintiff brought an action against his insurer under two theories, breach of contract and bad faith refusal to pay under the insurance policy. The trial court granted "partial summary judgment" on the contract claim and awarded damages accordingly. The insurer appealed such judgment and also filed a petition for a writ of prohibition to prohibit the trial court from hearing the bad faith tort action until the appeal on the contract theory was final. The issue we addressed was whether the judgment was appealable. We noted that:

"Oklahoma has adopted the general rule that a cause of action includes all theories of recovery or types of damages stemming from one occurrence or transaction ..." 669 P.2d at 772.

Although we held that generally "an appeal would not lie from the trial court's determination of breach of an insurance contract when the rest of the cause of action has not yet been tried," the *Mann* case involved an exception to the rule because the interlocutory summary adjudication could be treated as final. This was true because the trial court had determined both liability and damages. Such is not the case in the appeal before us now. Here, the trial court entered default judgment on the issues of liability and actual damages for the action in tort (fraudulent inducement), but had reserved the issues of punitive damages and attorney fees and costs. Hence, the trial court had only decided a portion of the issues raised in the cause of action, and the interlocutory summary adjudication could *not* be treated as final.

2. Because the order at issue was entered prior to the effective date of 12 O.S.1991, § 1006, that statute does not apply to this case. Even had the order been entered after the effective date of § 1006, it still would be inapplicable because no final judgment was rendered in this action.