James L. HAMMONDS, Executor of the Estate of Varl Hammonds, now deceased, and W.C. Sellers, the real party in interest, Appellants,

v.

OSTEOPATHIC HOSPITAL FOUNDERS ASSOCIATION, d/b/a Oklahoma Osteopathic Hospital, Kenneth H. Stover, Inc., Kenneth H. Stover, D.O., and Stephen Fletcher, D.O., Appellees.

No. 84357.

Supreme Court of Oklahoma.

April 23, 1996.

W.C. Sellers and W.C. Sellers, Jr., Sapulpa, for Appellants.

Joseph M. Best, Joseph A. Sharp, John H.T. Sheridan, Karen M. Grundy, Best, Sharp, Holden, Sheridan, Best & Sullivan, and Mike Barkley, Ann Makela Schneider, F.

Will DeMier and Leslie C. Weeks, Barkley, Rodolf & McCarthy, Tulsa, for Appellees.

OPALA, Justice.

Dispositive of the Osteopathic Hospital Founders Association and Kenneth H. Stover's [jointly "hospital"] dismissal quest is our answer to the question whether the July 30, 1993 nisi prius order setting the amount of sanctions to be paid by the appellant-lawyer is appealable as final. We answer in the affirmative and deny the motion to dismiss with prejudice to renewal.

## I

## THE ANATOMY OF LITIGATION

Along with another lawyer, Sellers represented the Varl Hammonds' estate in a negligence action against the hospital. During the litigation plaintiff's counsel moved to strike hospital's answer, alleging that certain records—earlier produced by the defendants—were spoiled. After a hearing, the trial judge resolved the issue against Hammonds and on January 2, 1992 announced he would sanction *both* lawyers. The amount of counsel fee to be awarded was determined, memorialized and filed July 30, 1993. On August 9, 1993 Sellers timely moved for a new trial.[1] His motion was denied on September 14, 1994, and he then brought this appeal on September 22, 1994. Hospital seeks the appeal's dismissal as untimely.

1. Sellers' co-counsel, who pursued a different course for relief from the same July 30, 1993 sanction order, brought a petition in error in this court on August 26, 1993, within 30 days of the critical memorial's filing.

2. *First Nat. Bank and Trust Co. v. Arles,* Okl., 816 P.2d 537, 539 (1991); *Hampton v. Hampton,* Okl., 609 P.2d 772, 773 (1980).

3. *Gilliland v. Chronic Pain Associates,* Okl., 904 P.2d 73, 77 (1995); *Williams v. Mulvihill,* Okl., 846 P.2d 1097, 1100 (1993); *Wilson v. Walker,* 190 Okl. 229, 122 P.2d 160, 161 (1942) ("The effect of the ruling of the trial court was to leave the plaintiff without any relief....."); *Centorp Corporation v. Gulf Production Corp.,* 183 Okl. 436, 83 P.2d 181, 185 (1938) ("[T]he order striking the cross-petition precluded Centorp from proceeding further in said action....").

## II

## THE FINALITY ATTRIBUTES OF THE JULY 30, 1993 NISI PRIUS ORDER THAT SET THE AMOUNT OF COUNSEL FEE IMPOSED AS A SANCTION AGAINST SELLERS

For assaying *the finality of a pre-judgment order,* Oklahoma's extant jurisprudence prescribes a two-prong test. Its elements are: (1) Does the order *conclusively* determine the disputed question then before the court (*e.g.,* recite the nature of the court's action against the aggrieved party and set the amount of the sanction);[2] and (2) Does the ruling's effect leave the aggrieved party *without any relief* at nisi prius because the defeated litigant stands precluded from *proceeding further* in the case?[3] If *both* of these prongs are satisfied, the July 30 sanction order is *appealable as final.*[4]

Sellers is a *non-party* to the suit between Hammonds and hospital. The July 30 ruling, which sets the amount of the counsel fee awarded as sanction, is an *end-of-the-line disposition* of the only issue below that affected both hospital and Sellers—*i.e.,* whether and for how much may Sellers be visited with sanctions. The order is hence *appealable as final* under the terms of 12 O.S.1991 § 953.[5] Were Sellers not counsel but a *party* to the action, as James L. Hammonds (executor of the Varl Hammonds' estate) was, the July 30 nisi prius order would be appealable as an interlocutory order for payment of money *pendente lite.* See the

4. Federal case law by the U.S. Circuit Court of Appeals for the Ninth Circuit is in accord with the view we announce today. *See Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 n. 8 (9th Cir.1987) ("*An order imposing sanctions upon counsel, a nonparty, is final and appealable by the person sanctioned upon imposition of the sanction.*").

5. The text of 12 O.S.1991 § 953 states:

"An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and *an order affecting a substantial right, made in a special proceeding* or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article." [Emphasis added.]

controlling provisions of 12 O.S.1991 § 993(A)(5).[6]

## III

### BECAUSE SELLERS BROUGHT A MOTION FOR NEW TRIAL WITHIN TEN DAYS OF THE APPEALABLE ORDER'S ENTRY, APPEAL TIME STOOD EXTENDED AND HIS PETITION IN ERROR WAS TIMELY FILED

■ The July 30, 1993 nisi prius memorial—which imposed sanctions in a set amount—is appealable as a *final* prejudgment order. A timely brought motion for new trial will extend appeal time from a judgment or final order until its disposition is filed.[7] Hence, Sellers' August 9, 1993 motion for new trial extended his appeal time until its denial on September 14, 1994. The appeal, brought here on September 22, 1994, came within thirty days of the critical memorial's entry.

## IV

### SUMMARY

■ An order imposing sanctions upon counsel, who is not a party in the case, is *appealable as final* if it conclusively determines the issue of sanctionability and sets the amount that stands imposed. When, as here, the sanctioned person timely moves for new trial, appeal time is extended until the motion's disposition. Sellers brought this appeal within thirty days of September 14, 1994—the date the order denying new trial was entered. His petition in error clearly is timely.

**6.** The pertinent provisions of 12 O.S.1991 § 993(A)(5) are:
"When an order:
\* \* \* \* \* \*
5. directs the payment of money pendente lite except where granted at an ex parte hearing,
\* \* \* \* \* \*
the party aggrieved thereby may appeal the order to the Supreme Court without awaiting the final determination in said cause ...."

**7.** *See* the terms of 12 O.S.1991 § 991(a), which provide in pertinent part:

The motion to dismiss is accordingly denied *with prejudice to renewal.* The appeal may proceed to the decisional stage.

ALMA WILSON, C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., recused.

"[I]n the event a motion for new trial is filed in the trial court by a party adversely affected by the judgment, order or decree, no appeal to the Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial."
*See* the terms of 12 O.S.1991 § 653, which provide in pertinent part:
"Unless unavoidably prevented, the application for a new trial, if made, must be filed within ten (10) days after the verdict, report or decision is rendered...."