OSCN Found Document:ROYAL HOT SHOT INVESTMENTS v. KIEFER PRODUCTION CO.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 ROYAL HOT SHOT INVESTMENTS v. KIEFER PRODUCTION CO.
2024 OK 70
Case Number: 120815
Decided: 10/08/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 70, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

ROYAL HOT SHOT INVESTMENTS, INC., and JUDY R. CARR, Plaintiffs,

KIEFER PRODUCTION COMPANY, LLC, Appellant,
v.
STUART DOUGLAS KEETON, and STEVEN L. KEETON, CO-TRUSTEES OF THE NOMA L. RONGEY TRUST and the NOMA L. RONGEY REVOCABLE TRUST DATED MAY 21, 1992, and STUART DOUGLAS KEETON and STEVEN LEE KEETON, Co-Personal Representatives of the ESTATE OF NOMA L. RONGEY, Defendants/Appellees.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III

¶0 A non-party appeals adverse discovery orders stemming from the issuance of a subpoena duces tecum. The Court of Civil Appeals dismissed the appeal for lack of an appealable order. This Court granted certiorari. We hold that the discovery orders relating to the subpoena duces tecum are appealable, and the district court did not abuse its discretion in ordering the non-party to produce the documents responsive to the subpoena.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S JUDGMENT AFFIRMED.

Frederick J. Hegenbart, Rosenstein, Fist & Ringold, Tulsa, Oklahoma, for Appellees.

Jessie V. Pilgrim, Moyers Martin LLP, Tulsa, Oklahoma, for Appellant.

Winchester, J. 

¶1 Appellant Kiefer Production Company ("KPC"), a non-party, appeals adverse discovery orders stemming from the Appellees' issuance of a subpoena duces tecum. The Court of Civil Appeals ("COCA") dismissed the appeal for lack of an appealable order. KPC filed a petition for certiorari, and we granted certiorari. We hold that the discovery orders related to the subpoena duces tecum are appealable, and the district court did not abuse its discretion in ordering KPC to produce the documents responsive to the subpoena.

FACTS AND PROCEDURAL HISTORY

¶2 In 2004, KPC was formed as an oil and gas operating company that now has an alleged value of over $12 million. This matter arose from a dispute between KPC's interest-owners, Judy Carr and Royal Hot Shot Investments, Inc. (collectively "Owners"), and interest owner Noma Rongey ("Rongey") after Rongey became incapacitated.

¶3 In 2011, the Owners stopped distributing profits to Rongey due to her incapacity and attempted to buy her interest. The Owners offered Rongey $1.6 million based on a $12 million valuation, to which the Appellees, Stuart Douglas Keeton and Steven L. Keeton, Co-Trustees of the Noma L. Rongey Trust and Noma Rongey Revocable Trust Dated May 21, 1992, and Co-Personal Representatives of the Estate of Noma L. Rongey (collectively "Keetons"), did not respond because they disagreed with the valuation of KPC and Rongey's interest.

¶4 In 2013, the Owners filed this action, seeking specific performance from the Keetons. The Owners asserted Rongey's incapacity was a "disqualifying" and/or "ownership terminating" event under KPC's operating agreement, requiring Rongey's ownership units to be sold to the Owners. The Keetons claimed Rongey is entitled to a proper valuation of KPC and continued distributions of the profits because KPC has not dissolved or wound up its affairs as required by the operating agreement.

¶5 The parties filed competing motions for summary judgment, and the district court entered a partial summary judgment finding: (1) Rongey, personally, was a member of KPC and not her revocable trust;[1] (2) Rongey became incapacitated at a date prior to August 31, 2011; and (3) her incapacity triggered the dissolution provisions within KPC's operating agreement.[2]

¶6 The district court directed the parties to proceed on the issue of the disposition of Rongey's units in KPC. Thereafter, the Keetons issued a wide-ranging subpoena duces tecum ("Subpoena") to KPC seeking the discovery of financial information and company documents, including tax returns, to establish the amount Rongey is entitled to as a member of KPC. The Keetons also filed a motion to compel the Owners to distribute undisbursed profits. The Owners moved to quash the Subpoena and opposed the motion to compel.

¶7 On December 19, 2017, the district court denied the Owners' motion to quash the Subpoena requesting KPC's financial records ("2017 Order"). The district court also determined that Rongey still had rights to the distributions of profits and losses, and the remaining members had not undertaken the operating agreement's provisions to either wind up KPC or continue it, and in either case, provide a financial disposition of Rongey's units in KPC. The district court ordered the Owners to place Rongey in a "pay status" relative to her percentage of ownership interest in KPC, with the exact amounts of payments and the source to be determined later. The Owners were also to provide Rongey with all the appropriate information and documentation to allow her to claim federal and state tax deductions or other tax benefits for the oil and gas depletions associated with the undispersed distributions.

¶8 The Owners filed an application to assume original jurisdiction, requesting a writ of prohibition against the district court's rulings in the 2017 Order. On January 16, 2018, this Court denied the Owners' application by order sheet.

¶9 The Owners and KPC then appealed the 2017 Order (case no. 116,677). On July 16, 2018, Rongey passed away, and the Court ordered that the Keetons, as Co-Personal Representatives of the Estate of Rongey, be substituted as parties in this matter. On April 1, 2019, COCA partially affirmed the 2017 Order, concluding the district court did not abuse its discretion when it denied the Owners' motion to quash the Subpoena. COCA declined to address the portion of the 2017 Order that placed Rongey's member interest in pay status, holding that such a decision would be advisory and subject to change. COCA remanded the case, directing the district court to assess the implication of Rongey's death and resolve any limitations on the scope and extent of the documents requested.[3]

¶10 On remand, the Owners instead filed a motion to reconsider the 2017 Order, a motion for a protective order, and a renewed motion to quash the Subpoena. KPC also filed an objection to the Subpoena. The Keetons objected to the renewed motion to quash and KPC's objections. The Keetons filed a motion to compel KPC to produce the requested documents and to compel the Owners to place Rongey's member interest in pay status.

¶11 In October 2022, the district court denied the Owner's motion to reconsider and entered the three orders that are the subject of this appeal:

On October 6, 2022, the district court denied KPC's objection to producing documents sought by the Subpoena ("October 6, 2022 Order");

On October 11, 2022, the district court granted the Keetons' motion to compel the production of KPC's documents sought by the Subpoena ("October 11, 2022 Order"); and

On October 17, 2022, the district court granted the Keetons' motion to compel payment and mandated KPC and the Owners to immediately comply with the 2017 Order ("October 17, 2022 Order")

(collectively "October 2022 Orders"). KPC appealed, and COCA held that the October 2022 Orders were interlocutory discovery orders that were not immediately appealable and sua sponte dismissed the appeal. We granted certiorari.

STANDARD OF REVIEW

¶12 Since it presents a question of law, we review COCA's dismissal of this appeal for lack of an appealable order de novo. Miller v. Miller, 1998 OK 24, ¶ 15, 956 P.2d 887, 894. We subject the record to a new and independent examination without regard to the lower court's reasoning or result. Gladstone v. Bartlesville Indep. Sch. Dist. No. 30, 2003 OK 30, ¶ 5, 66 P.3d 442, 446.

¶13 We use the abuse of discretion standard to review the district court's orders regarding the Subpoena. Parris v. McCallay, 1967 OK 40, ¶ 13, 424 P.2d 62, 66. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. Christian v. Gray, 2003 OK 10, ¶¶ 43-44, 65 P.3d 591, 608-609. A district court is accorded broad discretion in deciding discovery matters, and its determination will not be disturbed absent a finding of abuse of discretion.

DISCUSSION

I. The October 6, 2022 Order and October 11, 2022 Order regarding the Subpoena are appealable orders.

¶14 COCA sua sponte dismissed this appeal, holding the discovery orders at issue were not appealable. However, we disagree with COCA's decision. Under Oklahoma law, a final order affects a substantial right in an action when the order in effect determines the action. See 12 O.S.2021, § 953; Jones v. Tubbs, 1993 OK 118, ¶ 5, 860 P.2d 234, 235.

¶15 In Hammonds v. Osteopathic Hospital Founders Association, the Court determined that an order for attorney's fees against a non-party to the case was a final order as to that non-party, and thus appealable. 1996 OK 54, ¶ 3, 917 P.2d 6, 7. The Court reiterated the two-prong test for finality: whether the order (1) conclusively determined the question presented, and (2) prevented the "aggrieved" party from further proceeding. Id. Because the order in Hammonds was "an end-of-the-line disposition" of matters pending between the non-party and the plaintiff, ancillary to the main litigation, this Court determined the order was final under 12 O.S. § 953. Id. ¶ 4, 917 P.2d at 7.

¶16 KPC is a non-party to the action below, and thus its status necessitates an analysis under Hammonds to determine if the October 2022 Orders are appealable. KPC is "aggrieved" based on its clear privacy and ownership interest in the documents responsive to the Subpoena affected by the decision. Cleary Petroleum Corp. v. Harrison, 1980 OK 188, ¶ 4, 621 P.2d 528, 530. KPC also possesses a "legally protected interest" in this litigation. Fent v. Contingency Review Bd., 2007 OK 27, ¶ 7, 163 P.3d 512, 519.

¶17 As to the October 11, 2022 Order and October 16, 2022 Order, the only question between the Keetons and KPC was whether KPC must comply with the Subpoena. The district court's orders conclusively and finally determined that issue.

¶18 In dismissing the appeal, COCA relied on related federal case law that required a non-party to proceed through a contempt proceeding before an appeal. See Fed. Trade Comm'n v. Alaska Land Leasing, Inc., 778 F.2d 577, 578 (10th Cir. 1985); see also Cobbledick v. United States, 309 U.S. 323 (1940). Oklahoma law does not require a non-party to refuse to comply with a discovery order and submit to a contempt proceeding prior to appealing. We have held that "a contempt proceeding . . . is ordinarily regarded as a collateral or separate action from the underlying case and is separately appealable, with appellate review limited to the contempt order itself." Lerma v. Wal-Mart Stores, Inc., 2006 OK 84, ¶ 8, 148 P.3d 880, 883.

¶19 We also note that this Court denied the Owners' motion to dismiss in the separate previous appeal (case no. 116,677), wherein the Owners argued the 2017 Order mandating the production of documents was not a final order. This Court noted that the district court's orders requiring KPC to comply with the Subpoena were final or appealable.[4] In the same way, we hold the October 6, 2022 Order and October 11, 2022 Order requiring KPC to comply with the Subpoena were appealable orders.

II. The October 17, 2022 Order is not reviewable by this Court. 

¶20 The October 17, 2022 Order mandated the parties to immediately comply with the 2017 Order to place Rongey in pay status. KPC contends that the district court violated its due process rights when the district court forced KPC to assume the Owner's obligation to place Rongey's member interest in pay status. However, the 2017 Order only mandated the Owners to place Rongey's interest in pay status. KPC seeks judicial review of the district court's order as it affects the Owners. Since the Owners are the parties aggrieved by the decision, KPC does not have standing to appeal such decision. Rowe v. Rowe, 2009 OK 66, ¶ 8, 218 P.3d 887, 890.

¶21 Further, as previously held by COCA in the previous appeal, the 2017 Order regarding pay status was subject to change, and any decision regarding that order would be advisory in nature. See Ball v. Wilshire Ins. Co., 2007 OK 80, ¶ 8, 184 P.3d 463, 466-67. In granting the motion to compel payment, the district court specifically held that the amount and from what source the amount is to be paid is reserved for future proceedings. The district court did not fix an amount to be paid, direct immediate payment, or determine who would pay Rongey. The question of the status of KPC also remains unanswered, including whether the Owners followed the procedure under KPC's operating agreement. Any holding by this Court regarding this issue is an advisory opinion as that issue is not before this Court and the Owners are not a party to this appeal. The 2017 Order and the October 17, 2022 Order do not conclusively determine the question presented regarding pay status. See, e.g., State ex rel. Crawford v. Guardian Life Ins. Co. of Am., 1997 OK 10, ¶ 2, 954 P.2d 1235, 1237. This circumstance, standing alone, does not justify a review of the October 17, 2022 Order.

III. The parties have extensively litigated the issues before this Court.

¶22 Whether KPC must comply with the Subpoena has already been litigated. The Keetons issued the Subpoena on May 27, 2016, requiring KPC to produce the responsive documents on June 9, 2016. The Owners filed a motion to quash, and the district court denied the Owners' motion in December 2017. The Owners filed a writ of prohibition with this Court and then an appeal. KPC is now seeking a review of decisions made by the district court regarding the production of the subpoenaed documents that this Court previously reviewed in its denial of the Owners' request for a writ of prohibition in January 2018, and that COCA also upheld in its opinion filed in April 2019, to which this Court denied certiorari. The parties have extensively litigated the Subpoena in district court and appellate courts for the past eight years, and the courts have repeatedly found that the district court did not abuse its discretion in its rulings regarding the Subpoena. Despite the repeated interruptions in proceedings over this discovery issue, we nevertheless address the specific arguments raised by KPC regarding the Subpoena to avoid any further delays.

IV. KPC has not met its burden to show that the production of documents responsive to the Subpoena is unwarranted or outside the scope of discovery.

¶23 KPC objected to the production of documents responsive to the Subpoena, generally arguing that the Keetons have no need, legal right, or contractual authority to obtain and review KPC's financial documents and that the requested tax returns are privileged and not relevant. Parties may obtain discovery of any matter not privileged, which is relevant to the subject matter involved in a pending action, whether it relates to a claim or defense of the party seeking discovery. 12 O.S.2021, § 3226(A). Privilege is recognized only as provided by specific constitutional or statutory provisions or as recognized by the rules promulgated by this Court. 12 O.S.2021, § 2501.

¶24 KPC had the burden to show that the production of documents is unwarranted or outside the scope of discovery. Crest Infiniti II, LP v. Swinton, 2007 OK 77, ¶ 16, 174 P.3d 996, 1004. KPC did not demonstrate that the documents are exempt from discovery or privileged. Scott v. Peterson, 2005 OK 84, ¶ 1, 126 P.3d 1232, 1233.

¶25 Instead, the district court held that KPC's documents were relevant to the subject matter in this action. The district court found that KPC's operating agreement controlled Rongey's disqualification due to her incapacitation. Specifically, Article 12.01(A) states:

A. The remaining Members may elect, within thirty (30) days of the decision to continue the Company, to purchase the Disqualified Members Units upon such terms and conditions as the remaining Members and the Disqualified Member or the legal representative of the Disqualified Member, may agree. In the event the remaining Members and the Disqualified member (or such legal representative) do not agree upon terms and conditions for a purchase of the Units of the Disqualified Member, the remaining members shall have an option (to be exercised within sixty (60) days after the occurrence of the Event of Dissolution, by giving notice to the Disqualified Member, or such legal representative) to purchase the units for a cash purchase price determined by the value of the Capital Account of the Disqualified Member, as of the end of the calendar month preceding the occurrence of the Event of Dissolution, adjusted as if all company Property were sold at fair market value, and all liabilities of the Company were paid and the Company was liquidated in accordance with the provisions of Section 12.02. 

(emphasis added).

¶26 The Keetons contend that KPC did not offer to purchase Rongey's interest in accordance with Section 12.01(A) of the operating agreement. Specifically, the Keetons argue there was no agreement on the value of Rongey's share, no valuation or assessment of the capital account, and no adjustments made to the capital account as if the company sold all its property at fair market value and settled all its liabilities. The Keetons requested the documents to determine the proper valuation of KPC and the amount owed to Rongey under the operating agreement. The district court held that the documents requested were relevant to determine Rongey's interest in (1) the distribution of profits and losses, and (2) her "units" in KPC. Based on the plain language of the operating agreement, the documents requested are relevant to the Keetons' claim to determine the amount owed to Rongey, and the district court did not abuse its discretion as to its rulings in the October 6, 2022 Order and October 11, 2022 Order.

a. The tax returns requested by the Keetons are discoverable. 

¶27 KPC further contends that the Keetons have not shown they are entitled to or need KPC's tax returns because it is a non-party. The cases cited by KPC to support its position involved subpoenaed tax returns that the Court held were not discoverable because the party subject to the subpoena had not put its income at issue. See Jones Packing Co. v. Caldwell, 1973 OK 53, ¶ 3, 510 P.2d 683, 684; Matchen v. McGahey, 1969 OK 48, ¶¶ 6-15, 455 P.2d 52, 55-56; Application of Umbach, 1960 OK 50, 350 P.2d 299.

¶28 Here, KPC's income is a key issue. KPC was initially a party in the underlying proceedings until the Owners substituted themselves as parties for KPC. Although KPC is not currently a named party to the litigation, KPC's financial status is directly at issue in determining the value of Rongey's units. We have determined that if an amount of income is at issue in litigation, tax returns become a legitimate subject of inquiry, and an entity can no longer claim that the information contained in a return is confidential. Matchen, 1969 OK 48, ¶ 14, 455 P.2d at 56. This matter does not involve a typical subpoena issued to a non-party; instead, the parties seek to determine the amount owed to Rongey as a member of KPC. The district court was within its discretion to decide that the tax returns were relevant and should be disclosed.

b. Other financial documents requested by the Keetons are discoverable. 

¶29 KPC also argues that disqualified members are not paid distributions, and therefore, the financial documents requested by the Keetons are not relevant. KPC cites Heskett v. Heskett, 1995 OK CIV APP 52, 896 P.2d 1200, in support, wherein COCA found that the deceased partner could not share in profits after the date of his death. In Heskett, the language of the partnership agreement specifically stated that upon the retirement or death of a partner, the partnership interest "terminated immediately." Id. ¶ 14, 896 P.2d at 1203. Heskett does not apply to this case as the operating agreement does not contain language that terminated Rongey's membership interest "immediately."

¶30 Instead, one of the central issues in this case is the company's status. The parties disagree over whether KPC should be in the process of dissolution or continuing its operations. Under the operating agreement, the Owners were to purchase Rongey's units to continue to operate KPC. The district court concluded that the remaining members had not taken the necessary steps, as outlined in the operating agreement, to either wind up the business or continue its operations as, in either scenario, the Owners were to provide a financial disposition of Rongey's units in KPC. The district court did not terminate Rongey's financial interest in KPC. Even though her incapacitation disqualified her from participating in management, Rongey still retained her right as a member to receive what she was owed under the operating agreement. See, e.g., In re Crest by the Sea, LLC, 522 B.R. 540, 545 n.8 (Bankr. D. N.J. 2014) (noting a dissociated member "is enjoined from participating in the management" but "retains [his] economic rights"). The district court did not err when it decided that the documents requested by the Keetons were relevant to determine the status of the company and the value of Rongey's interest in KPC.

¶31 KPC further contends that the Oklahoma Limited Liability Company Act and the operating agreement prohibit the discovery of KPC's business records by the Keetons since Rongey is no longer a member of KPC. We disagree. The Keetons, as representatives of Rongey's estate, are acting in relation to Rongey's ownership interest in KPC. Therefore, they are entitled to obtain discovery regarding KPC's financial records.

¶32 The Oklahoma Limited Liability Company Act states that "the obligations of a limited liability company to a disqualified member are governed by the operating agreement." 18 O.S.2021, § 2012.2(D). KPC members are entitled to access documents per the operating agreement. Section 7.02 of the operating agreement states that a member shall have the right upon demand to obtain any information regarding the status of the business and financial condition of the company, a copy of KPC's income tax returns for each year, information regarding the capital contributions made by each member, other information regarding the affairs of the company, and to inspect and copy any of the company's books and records. The Keetons, acting as representatives, are only seeking information to which Rongey was entitled under the operating agreement to determine what she is owed per the operating agreement.

CONCLUSION

¶33 COCA erred in dismissing this appeal for lack of an appealable order. However, the issues related to the Subpoena have been in dispute for the past eight years. The district court did not abuse its discretion in requiring the production of documents in response to the Subpoena. We agree with the district court's decision to deny KPC's objection to the production of documents requested by the Subpoena and to grant the Keetons' motion to compel. KPC does not have standing to appeal the motion to compel payment, and this Court cannot review the October 17, 2022 Order because the matter is not final. For the reasons stated herein, we vacate COCA's opinion and affirm the district court's judgment.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S JUDGMENT AFFIRMED.

ALL JUSTICES CONCUR. 

FOOTNOTES

[1] Rongey asserted that her trust was the actual member.

[2] Article 12 of the operating agreement states:

Dissolution and Liquidation

Section 12.01. Disqualification of Member. Upon the death, resignation, incapacity, expulsion, bankruptcy or dissolution of a Member (such member being hereinafter sometimes referred to as a "Disqualified Member"), or the occurrence of any other event which terminates the continued membership of a Member in the Company (any of such events being referred to herein as an "Event of Dissolution"), the Company shall dissolve and its affairs shall be wound up. The Company shall thereafter conduct only activities necessary to wind up its affairs, unless there are at least two (2) remaining members and within sixty (60) days after the occurrence of an Event of Dissolution, all the remaining Members unanimously agree to continue the Company. If an election to continue the Company is made, then:

A. The remaining Members may elect, within thirty (30) days of the decision to continue the Company, to purchase the Disqualified Members Units upon such terms and conditions as the remaining Members and the Disqualified Member or the legal representative of the Disqualified Member, may agree. In the event the remaining Members and the Disqualified member (or such legal representative) do not agree upon terms and conditions for a purchase of the Units of the Disqualified Member, the remaining members shall have an option (to be exercised within sixty (60) days after the occurrence of the Event of Dissolution, by giving notice to the Disqualified Member, or such legal representative) to purchase the units for a cash purchase price determined by the value of the Capital Account of the Disqualified Member, as of the end of the calendar month preceding the occurrence of the Event of Dissolution, adjusted as if all company Property were sold at fair market value, and all liabilities of the Company were paid and the Company was liquidated in accordance with the provisions of Section 12.02.

B. The Company shall continue until the expiration of the term for which it was formed or until the occurrence of another Event of Dissolution, in which event any remaining Members shall again elect whether to continue the Company pursuant to Section 12.01.

[3] On April 17, 2019, the Owners and KPC filed a petition for certiorari with this Court. On October 14, 2019, this Court denied their petition for certiorari.

[4] We recognize two unpublished COCA cases where this Court denied requests to dismiss appeals filed by non-parties that the district courts directed to produce documents pursuant to a subpoena duces tecum. Ondoa v. Tsala, Case No. 115,770 (Okla. filed April 17, 2017) (relying on Hammonds, the Court denied the motion to dismiss an appeal that involved a motion to quash subpoena); Tarrant v. Guthrie First Capital Bank, Case No. 104,024 (Okla. filed Jan. 29, 2007) (denying the motion to dismiss the appeal that involved an order regarding a subpoena duces tecum).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
1995 OK CIV APP 52, 896 P.2d 1200, 66 OBJ 1929, 
Heskett v. Heskett
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1993 OK 118, 860 P.2d 234, 64 OBJ 2884, 
Jones v. Tubbs
Discussed

 
1997 OK 10, 954 P.2d 1235, 69 OBJ 469, 
Crawford v. Guardian Life Insurance Company of America
Discussed

 
1960 OK 50, 350 P.2d 299, 
APPLICATION OF UMBACH
Discussed

 
1967 OK 40, 424 P.2d 62, 
PARRIS v. McCALLAY
Discussed

 
1969 OK 48, 455 P.2d 52, 
MATCHEN v. McGAHEY
Discussed at Length

 
1973 OK 53, 510 P.2d 683, 
JONES PACKING COMPANY v. CALDWELL
Discussed

 
2003 OK 10, 65 P.3d 591, 
CHRISTIAN v. GRAY
Discussed

 
2003 OK 30, 66 P.3d 442, 
GLADSTONE v. BARTLESVILLE INDEPENDENT SCHOOL DISTRICT NO. 30
Discussed

 
2005 OK 84, 126 P.3d 1232, 
SCOTT v. PETERSON
Discussed

 
1996 OK 54, 917 P.2d 6, 67 OBJ 1430, 
Hammonds v. Osteopathic Hosp. Founders Assn.
Discussed

 
2006 OK 84, 148 P.3d 880, 
LERMA v. WAL-MART STORES, INC.
Discussed

 
2007 OK 27, 163 P.3d 512, 
FENT v. CONTINGENCY REVIEW BOARD
Discussed

 
2007 OK 77, 174 P.3d 996, 
CREST INFINITI II, LP v. SWINTON
Discussed

 
2007 OK 80, 184 P.3d 463, 
BALL v. WILSHIRE INSURANCE COMPANY
Discussed

 
2009 OK 66, 218 P.3d 887, 
ROWE v. ROWE
Discussed

 
1980 OK 188, 621 P.2d 528, 
Cleary Petroleum Corp. v. Harrison
Discussed

 
1998 OK 24, 956 P.2d 887, 69 OBJ 1172, 
MILLER v. MILLER
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 3226, 
General Provisions Governing Discovery
Cited

 
12 O.S. 953, 
Final Order Defined
Discussed

 
12 O.S. 2501, 
Privileges Recognized Only as Provided
Cited

Title 18. Corporations

 
Cite
Name
Level

 
18 O.S. 2012.2, 
Operating Agreement of LLC
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA